DAVID MITTLEMANN AND LIONEL MICHAEL, D/B/A MM EXPORT
COMPANY *v.* UNITED STATES

No. 7886. 
Entry No. 767543.

(Decided September 27, 1950)

Plaintiff not represented by counsel.

*David N. Edelstein*, Assistant Attorney General (*Guy Gilbert Ribaudo*, special attorney), for the defendant.

COLE, Judge: Wool sweaters, imported from Italy, were entered at the invoice prices which the appraiser advanced approximately 20 per centum. Plaintiff has appealed for reappraisement, contending cost of production, section 402 (f) of the Tariff Act of 1930 (19 U. S. C. § 1402 (f)),[1] to be the proper basis for appraisement and claiming that the invoice values are representative of such statutory value.

---

[1] (f) COST OF PRODUCTION.—For the purpose of this title the cost of production of imported merchandise shall be the sum of—

(1) The cost of materials of, and of fabrication, manipulation, or other process employed in manufacturing or producing such or similar merchandise, at a time preceding the date of exportation of the particular merchandise under consideration which would ordinarily permit the manufacture or production of the particular merchandise under consideration in the usual course of business;

(2) The usual general expenses (not less than 10 per centum of such cost) in the case of such or similar merchandise;

(3) The cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the particular merchandise under consideration in condition, packed ready for shipment to the United States; and

(4) An addition for profit (not less than 8 per centum of the sum of the amounts found under paragraphs (1) and (2) of this subdivision) equal to the profit which ordinarily is added, in the case of merchandise of the same general character as the particular merchandise under consideration, by manufacturers or producers in the country of manufacture or production who are engaged in the production or manufacture of merchandise of the same class or kind.

At the outset, it should be emphasized that the importer, as the appealing party, has assumed the burden not only of overcoming the presumption of correctness attached to the appraiser's valuation but also of proving the correct dutiable value. *United States* v. *Malhame & Co.*, 19 C. C. P. A. (Customs) 164, T. D. 45276; *Harry Garbey* v. *United States*, 24 C. C. P. A. (Customs) 48, T. D. 48332.

Plaintiff has failed to meet its obligation. Testimony of two members of the importing partnership tends to show that the sweaters in question were manufactured under plaintiff's supervision, specially for the market in this country, and that they are unlike those sold or offered for sale in the country of exportation, either for home consumption or for exportation to countries other than the United States. However, there is not one iota of evidence directed toward establishing the cost of any of the elements entering into statutory cost of production, section 402 (f), *supra*.

The customs examiner, who advisorily returned the sweaters in question, admitted receiving subsequent shipments of substantially the same merchandise and was to produce papers showing prices therefor, but such proof was never offered.

Plaintiff having failed to establish a price for the articles in question different from that found by the appraiser, which carries a statutory presumption of correctness, 28 U. S. C. § 2633, I therefore hold the appraised value to be the proper dutiable value. Judgment will be rendered accordingly.